IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LESLIE ANN LEGG,                       :
                                       :
    Plaintiff,                         :
                                       :
vs.                                    :     CIVIL ACTION 10-0593-M
                                       :
MICHAEL J. ASTRUE,                     :
Commission of Social Security,         :
                                       :
    Defendant.                         :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was heard on April 25, 2011. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirty-five years old, had completed a two-year college education (Tr. 41), and had previous work experience as a waitress, cashier, and cook (Tr. 42). In claiming benefits, Plaintiff alleges disability due to lumbar degenerative disc disease, obesity, diabetes mellitus, fibromyalgia, depression, migraine headaches, and anxiety (Doc. 13 Fact Sheet).

The Plaintiff filed an application for SSI on August 5, 2008 (Tr. 122-28). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she could not return to her past relevant work, Legg was capable of performing specific light work jobs (Tr. 14-25). Plaintiff

requested review of the hearing decision (Tr. 12) by the Appeals Council, but it was denied (Tr. 3-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Legg alleges that: (1) The ALJ did not properly consider her assertions of pain; and (2) the ALJ did not properly consider the effects of her obesity (Doc. 13). Defendant has responded to—and denies—these claims (Doc. 14).

Plaintiff first claims that the ALJ did not properly consider her assertions of pain and resulting limitations (Doc. 13, pp. 8-12). The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made

by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2010). The medical evidence of record is as follows.

On October 16, 2007, Legg underwent an MRI, without contrast, of the lumbar spine which demonstrated early degenerative changes at L4-5 (Tr. 251). There was also minimal disc bulge at L4-5, greater on the left than right side, but no evidence of spinal stenosis or significant foraminal narrowing.

4

On June 20, 2008, Orthopaedist C. S. Metzger examined Plaintiff who was in no acute distress, though she moved slowly around the office with exaggerated movements (Tr. 253). Straight leg raising was negative bilaterally; her back anatomy was within normal limits. Motor strength was 5/5 in lower extremity groups; the sensory exam was grossly intact. X-rays were unremarkable.

On May 7, 2009, Dr. Jeff L. Buchalter examined Legg and found decreased range of motion in flexion and extension with right-sided paraspinal spasm (Tr. 306). Neurological examination was essentially unchanged; Plaintiff's gait was antalgic. Buchalter's assessment was a disk bulge and degenerative disk disease at L4-5 as well as probable discogenic pain. The doctor noted that Legg "does have significant back pain as well as lower extremity pain with no significant spinal pathology obviously seen on [an] MRI scan" (*id.*). Buchalter was going to increase her medication; previous notes from the physician indicated that Plaintiff had already undergone an epidural steroid trial as well as a posterior column injection with no relief (*id.; see also* Tr. 292-98, 308-18).

On August 7, 2009, Roddie R. Gantt, a pain management specialist, found Legg to be in no acute distress and able to

5

walk with a steady gait (Tr. 325-26). The doctor noted that Plaintiff was "quite obese and deconditioned" (Tr. 326). Straight leg raising was negative bilaterally and she was "very tender throughout her lumbar facets and sacroiliac joints" (*id.*). Gantt also noted "an exaggerated response with any part of the exam" (*id.*). The physician's assessment was chronic pain related to lumbar degenerative disc disease, sacroiliac joint dysfunction, fibromyalgia, coccydynia secondary to coccyx fracture, depression, and anxiety; Gantt prescribed Lortab[1] and was going to arrange for an epidural steroid injection.

At the evidentiary hearing, Plaintiff testified that the Lortab helps, but does not stop her pain (Tr. 47-48). She stated that she took Neurontin[2] three times a day for daily headaches; she has migraines two-to-three times a week (Tr. 48). Legg testified that her medication made her sleep—that she could not function (*id.*). She also takes Vistaril for anxiety and depression (Tr. 50). Plaintiff stated that she had received no relief from the epidurals or spinal blocks (Tr. 51).

In his decision, the ALJ made the following determination:

---

[1] **Error! Main Document Only.***Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain." *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

[2] **Error! Main Document Only.***Neurontin* is used in the treatment of partial seizures. *Physician's Desk Reference* 2110-13 (52nd ed. 1998).

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

The claimant's credibility is damaged because she has made inconsistent statements about her activities of daily living. The claimant testified that she is functionally limited to a degree to where she cannot walk more than five feet without needing a break; she cannot lift a gallon of milk; and she cannot sit through an entire television show. (Hearing testimony). However, she previously represented that she is able to wash clothes, shop for clothes for her children, load the dishwasher, sweep floors, grocery shop, bathe her mother, help her mother get on and off the toilet, and watch a one hour television show. (Exhibits 8E and 9E).

The claimant has also made inconsistent statements about her medications. She testified that her medications do not work well and that when she takes them as prescribed she is completely unable to function. (Hearing testimony). However, she previously represented that her medications provide two hours of pain relief without significant side effects. (Exhibits 4E and 9E). There are no references in the medical records of the claimant complaining about her medications not working or about them having significant side effects.

The claimant's credibility is further damaged by the objective medical evidence.

(Tr. 22). The ALJ then went on to set out the medical evidence

7

discussed in this Opinion (*see* Tr. 22-23).

The Court finds that the ALJ properly evaluated Legg's complaints of pain. Plaintiff has failed to direct the Court's attention to "objective medical evidence that confirms the severity of the alleged pain arising from that condition or [] that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain" as required in *Holt*. Though Legg has referenced medical records which acknowledge Plaintiff's subjective claims of pain, no doctor has put forth an opinion that the pain was of disabling severity. Legg's claim otherwise is without merit.

Plaintiff has also claimed that the ALJ did not properly consider the effects of her obesity. Legg argues that "the ALJ failed to discuss [her] obesity in any regard in her decision. She did not discuss the effects of obesity on [her] ability to perform work related activities and also failed to explain how she reached her conclusions on whether obesity caused any additional physical or mental limitations" (Doc. 13, p. 13).

The Court notes that the ALJ found that one of Plaintiff's severe impairments, among others, was obesity (Tr. 19). Legg is correct in asserting that the ALJ did not discuss her obesity beyond this finding. The Court notes, however, that the ALJ did

8

specifically find that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1" (Tr. 19).  This specific language has been upheld by the Eleventh Circuit Court of Appeals as sufficient consideration of the effects of the combinations of a claimant's impairments.  *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) (the claimant does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4").

The Court would further note that Plaintiff has failed to point to any evidence which suggests that her obesity limits her ability to function.  In Legg's summary of the evidence, the only reference to obesity at all is the notation that a doctor found her to be obese (Doc. 13, p. 5); the doctor does not, however, attribute pain to her obesity and there is no mention of it as limiting her in any way (Tr. 326).

The Court finds that the ALJ's failure to not properly address the effects of her obesity to be, at most, harmless error.  As such, remand of this action would be inappropriate. *See Reeves v. Heckler*, 734 F.2d 519, 526 n.3 (11th Cir. 1984).

Legg has raised two different claims in bringing this action. Both are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 27th day of April, 2011.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE